SULLIVAN v. HAMILTON.

(Supreme Court, Appellate Division, Second Department. January 29, 1897.)

COVENANTS—ACTION FOR BREACH—COMPLAINT NOT DEMURRABLE.

    The complaint in an action to recover the amount of an assessment imposed on premises conveyed to plaintiff by defendant states a cause of action where it alleges that defendant covenanted that the premises were free from incumbrances, except "taxes," and that "said assessment was not in the minds of the parties to said deed, or in the meaning of the word comprehended by the word 'taxes' as used in said covenant," since "taxes," when used with reference to local assessments, is a debatable word, and the averment can be taken as an allegation of fact.

Appeal from Kings county court.

Action by Timothy Sullivan against Joseph W. Hamilton for breach of covenant. From a judgment overruling a demurrer, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

G. Storms Carpenter, for appellant.
Frank Gardner, for respondent.

CULLEN, J. This action was brought to recover the amount of an assessment for the sum of $43.14, imposed upon the premises conveyed by the defendant to the plaintiff. The deed contained the following covenant upon the part of the grantor:

    "And the said Joseph W. Hamilton, party of the first part, does covenant with said party of the second part as follows: * * * Third. That the said premises are free from incumbrances excepting taxes and mortgage of seven thousand two hundred and fifty dollars ($7,250)."

The complaint alleged these facts, and that the assessment was a lien on the property conveyed at the time of the conveyance. It also alleged that "said assessment was not in the minds of the parties to said deed, or in the meaning of the word comprehended by the word 'taxes,' as used in said covenant." The defendant demurred and judgment was rendered in his favor on the demurrer. The county court reversed this judgment, and from the judgment of reversal this appeal is taken.

The defendant contends that "taxes," which were excepted in the covenant against incumbrances, include the assessment. It is not necessary for us to determine whether that term, in its ordinary sense, and unqualified by attending circumstances or other parts of a conveyance, comprehends local assessments. The complaint alleges that the assessment was not in the minds of the parties to the deed, nor in the meaning of the word "taxes," as used in the covenant. We think this must be construed as an allegation of fact, unless it is to be ruled, as a matter of law, that it is impossible to qualify or limit the term "taxes." That term, when used with reference to local assessments, is a debatable word. In Roosevelt Hospital v. Mayor, etc., of New York, 84 N. Y. 108, it was held that an exemption from taxes granted by statute did not exempt the plaintiff from local assessments. If the term "taxes" could thus be

given this limited construction when found in an act of the legislature, we cannot see why it is not possible that evidence might show that it was used in the same limited sense in the covenant declared on in this case.  We do not intimate that parol evidence of intention could be given to show the meaning of the word, but it may be that evidence of usage or custom could be shown, and certainly the whole of the deed could be considered in construing the effects of the covenant.  It is possible that other parts of the deed may clearly prove that local assessments were not considered by the parties as taxes. . However, we do not now decide what evidence would be competent on the construction of this covenant.  All we decide is that, at least, it is theoretically possible for the plaintiff to establish a construction of the term "taxes" which would exclude local assessments.  We think, therefore, that his allegation as to the intent of the parties was an allegation of fact.  The demurrer of the defendant cannot be sustained.

Judgment of the county court affirmed, with costs, with leave to the defendant to answer on the payment of costs; and new trial granted before the justice, upon a day to be fixed.  All concur.